**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SEAN MICHAEL DETTY,**

           **Petitioner,**

                              **CIV. NO. 2:10-CV-427**
                              **CR. NO. 2:05-CR-060(6)**
          **v.**                    **JUDGE MARBLEY**
                              **MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

           **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Petitioner has also filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  This matter is before the Court on the motion to vacate, Doc. No. 246, respondent's *Motion to Dismiss,* Doc. No. 248,[1] petitioner's *Traverse* to the *Motion to Dismiss*, Doc. No. 251, *Petitioner's Motion,* Doc. No. 255. respondent's *Response* to *Petitioner's Motion*,  Doc. No.  258, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's *Motion to Dismiss* be **GRANTED** and that *Petitioner's Motion* be **DENIED.**

## FACTS and PROCEDURAL HISTORY

Petitioner's underlying convictions on conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and § 846 (Count 1 of the *Indictment*), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §

---

[1]Respondent's motion was actually filed as a motion to reconsider the order directing response to the motion to vacate.  *See Order*, Doc. No. 249.

924(c)(1)(A)(i)(Count 6 of the *Indictment*) arise out of his June 30, 2006, negotiated guilty pleas. *See* Doc. Nos. 128, 132.   On December 5, 2006, Petitioner was sentenced to 120 months incarceration on Count 1 and to 60 months incarceration on Count 6, such sentences to be served consecutively, plus five years supervised release.  *Judgment*, Doc. No. 166.  On August 21, 2007, the Court issued an *Amended Judgment,* directing that petitioner's federal sentences would also run concurrently with his state court sentence by the Franklin County Court of Common Pleas in Case Number 04CR-5224. Doc. No. 194.  Petitioner did not file an appeal from his federal convictions. On July 31, 2009, the Court denied petitioner's motion to reduce sentence. *Order,* Doc. No. 222.

On May 14, 2010, petitioner filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Doc. No. 246.  As his sole claim for relief, petitioner asserts that the Court improperly sentenced him to both a ten year mandatory minimum term of incarceration on Count 1 and to a five year mandatory minimum term of incarceration on Count 6.  *See United States v. Almany,* 598 F.3d 238 (6th Cir. 2010), *vacated* by *United States v. Almany*, – S.Ct. –, 2010 WL 2300485 (Nov. 11, 2010), *on remand United States v. Almany*, – F.3d –, 2010 WL 5110259 (6th Cir. Dec. 16, 2010).  It is the position of respondent that petitioner's § 2255 motion to vacate must be dismissed as barred by the one-year statute of limitations.

## STATUTE OF LIMITATIONS

28 U.S.C. § 2255(f) provides for a one-year statute of limitations in connection with the filing of motions to vacate:

> A 1-year period of limitation shall apply to a motion under this
> section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As noted *supra,* the *Amended Judgment* was entered on August 21, 2007 and petitioner did not file an appeal from that judgment. Therefore, petitioner's conviction became final – at the latest –  on the date that the time for filing an appeal expired. *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir.2002) (citations omitted). The statute of limitations expired, at the latest, in September 2008 – long before May 3, 2010 when, according to petitioner, he signed his motion to vacate.

Petitioner contends that this action is timely because he raises a claim under *Almany*, which was decided on March 10, 2010.  He argues that a proper reading of  28 U.S.C. § 2255(f)(3) would suggest that the statute of limitations did not begin to run until that date.  However, 28 U.S.C. § 2255(f)(3) applies only where the United States Supreme Court has announced that a new rule applies retroactively to cases on collateral review. *See Tyler v. Cain,* 533 U.S. 656 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.")

In any event, the case upon which petitioner relies, *Almany*, 598 F.3d 238, is no longer good law.  "The five year firearms sentence imposed under 18 U.S.C. §924(c)(1)(A) is hereby restored

in light of *Abbott v. United States,* ---U.S. ----, 131 S.Ct. 18, --- L.Ed.2d ---- (2010), after the Supreme Court vacated our judgment and remanded it to us in light of the *Abbott* case." *United States v. Almany*, – F.3d – , 2010 WL 5110259 .

Further, a motion for relief from judgment under Fed. R. Civ. P.60(b) is inapplicable to a criminal case. *See United States v. Ramos*, Case No. 1:06-cr-338, 2007 WL 2572230, at *1 (N.D. Ohio Sept. 4, 2007)(citing *United States v. Diaz*, 79 Fed. App'x. 151 (6th Cir.2003); *United States v. Charles,* 37 Fed. App'x. 758 (6th Cir.2002); Rule 1 of the Federal Rules of Civil Procedure.  Therefore, petitioner's motion under that rule offers no basis for the relief from judgment that petitioner seeks.

**WHEREUPON** the Magistrate Judge **RECOMMENDS** that respondent's *Motion to Dismiss* the motion to vacate, Doc. No. 248, be **GRANTED,** and that *Petitioner's Motion* under Rule 60(b), Doc. No. 255, be **DENIED.**

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

4

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

  *S/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

December 22, 2010